### SAMUEL E. STAPLES *vs.* MASON W. BROWN.

Since the enactment of the Gen. Sts. *c.* 108, § 1, the estate of a tenant by the curtesy initiate in land held by his wife, to her sole and separate use, is not liable to be seized on execution against him.

WRIT OF ENTRY, commenced originally against the tenant and his wife, since deceased, to recover possession of a parcel of land in Douglas.

At the trial in the superior court, before *Morton*, J., without a jury, it appeared that in June 1863 the record title to the demanded premises stood in the name of the tenant's wife, to whom it had been conveyed originally by a deed in the common form, in 1854; and afterwards, in 1856, the tenant transferred his interest therein to her, through mesne conveyances, to have and to hold to her own sole and separate use. The demandant in that month levied an execution, which he had obtained against the tenant, upon the premises, alleging that the conveyance to the wife was fraudulent. The tenant's wife died in March 1865, while the present action was pending, leaving children by him, some of whom were born prior to the date of the conveyance to her. The demandant offered no evidence to prove that the conveyance to the tenant's wife was fraudulent

and the judge accordingly ruled that he was not entitled to maintain his action. The demandant alleged exceptions.

*C. G. Keyes*, for the demandant.

*A. Dadmun*, for the tenant, was not called upon.

CHAPMAN. J. When this action was commenced, the title was in Mrs. Brown, under a deed conveying it to her, to hold to her sole and separate use. The demandant claimed title under the levy of an execution against the husband, and had made his levy on the ground that the conveyance to the wife was fraudulent as to the husband's creditors. Since the wife's decease this ground has been abandoned, and the demandant now seeks to maintain the action on the ground that the levy was valid upon the estate of the husband as tenant by the curtesy initiate, and that by the death of the wife his estate is now perfected.

Formerly the estate of a tenant by curtesy initiate was liable to be levied upon by his creditors. *Mechanics' Bank* v. *Williams*, 17 Pick. 438. *Gardner* v. *Hooper*, 3 Gray, 398. But the law is changed by statute in this respect as to lands held by the wife to her sole and separate use. Gen. Sts. *c.* 108, § 1. *Silsby* v. *Bullock*, 10 Allen, 94. The wife has power to convey or devise such lands, by obtaining in writing the assent of her husband, or the consent of a judge of the supreme judicial court, superior court, or the probate court, granted on account of his sickness, insanity or absence from the state, or for other good cause. Gen. Sts. *c.* 108, § 3. So that, if a creditor were to levy upon the estate, the wife might immediately defeat the levy. The provision of § 1, that land thus held shall not be liable for the husband's debts, makes a complete and consistent system.

*Exceptions overruled.*